## TOWN COUNCIL OF McCORMICK v. CALHOUN.

In trials before a trial justice, the jury are to be organized "from the vicinity;" the town council of McCormick, under its charter, has the same powers as a trial justice to try, fine, and punish any person violating any town ordinance. In such a trial, persons residing without the town limits but in "the vicinity" are competent jurors.

Before HUDSON, J., Abbeville, June, 1889.

Preston B. Calhoun was brought to trial before the town council of McCormick and a jury in January, 1889, for violating an ordinance of the town prohibiting the sale of liquors. He objected to the array of jurors because they were not all citizens of the town. His objection was overruled and he was convicted and sentenced. Two of the jurors did not reside in the town, but in the vicinity. He appealed to the Circuit Court, and then to this court on this ground.

*Mr. E. B. Gary*, for appellant.

*Messrs. Perrin & Cothran*, contra.

March 15, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant was tried before the town council of McCormick and a jury, charged with selling intoxicating liquors in violation of an ordinance of the town. He was convicted. Two of the jurors resided outside of the limits of the town, but in the vicinity, and the defendant made the point before the Circuit Court on appeal, that these two jurors were incompetent because not residing within the town. This exception was overruled by the Circuit Judge, and this is now complained of in the appeal here.

The charter of McCormick makes no special provision for a jury in trials for the violation of its ordinances. It, however, "confers upon the town council the same powers which a trial justice has, to try, fine, and punish any person or persons violating any town ordinances." *Act of 1882*, 18 Stat., 137. Now, section 842, General Statutes, provides, in reference to trial justices in criminal cases, that a jury may be organized from the vicinity in a certain way. And as the charter of McCormick confers the same power upon its council as is thus conferred upon trial justices, it seems clear that as the two jurors here objected to resided in the vicinity, they were competent. See the case of *Burton* v. *Williams*, 11 S. C., 293.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.